David Stadtmauer, J.
Defendant objects to sufficiency of service and moves to set aside an order of this court which provided an alternative method of service of summons and complaint pursuant to CPLR 308 (subd 5).
Initially, it is defendant’s contention that the method of service ordered by the court was improper in that it was not reasonably calculated to give adequate notice of the pending action.
Plaintiff’s action is for unpaid rent for an apartment occupied by defendant, a well-known entertainer. Plaintiff was unable to serve defendant since he performs in various cities around the country and travels continuously. However, the defendant’s name appears on the entrance door to his attorney’s office thereby indicating that the office is utilized by him as a place of business. Accordingly, the court directed that service be made by mailing a copy of the summons and complaint to defendant at his last known address and by serving a copy upon his attorney at his office.
CPLR 308 (subd 5) is intended for use in unpredictable circumstances where a more flexible or appropriate manner of service is required than those outlined in the statute. It enables the court to tailor a method of service to the particular facts of the case before it (1 Weinstein-Korn-Miller, NY Civ Prac, par, 308.17). For the plaintiff to have the benefit of *918 CPLR 308 (subd 5) he need only show that the methods of service outlined in CPLR 308 (subds 1, 2, 3, 4) cannot be met. It is not incumbent upon the plaintiff to actually attempt other means of service (Dobkin v Chapman, 21 NY2d 490).
Taking into consideration the particular facts and circumstances in this case (including the fact that there is an indication that the attorney upon whom the summons was served is defendant’s business manager), the court concludes that the method of service was fair, adequate and reasonably calculated, under all of the circumstances, to apprise the defendant of the action brought against him (see Mullane v Central Hanover Trust Co., 339 US 306).
Defendant’s objection to sufficiency of service is based primarily upon his contention that plaintiff’s cause of action stems from a consumer credit transaction. As such, he maintains that failure to serve a bilingual summons is violative of subdivision (d) of section 401 of the New York City Civil Court Act requiring dismissal for lack of jurisdiction.
Both CPLR 105 (subd [f]) and subdivision (g) of section 2101 of the New York City Civil Court Act define a consumer credit transaction as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family and household purposes.”
Given its plain and simple meaning, the court finds that the afore-mentioned phrase was not intended and should not be extended to apply to an action arising from a lease of real property. The purpose of the Legislature in the promulgation of subdivision (d) of section 401 of the New York City Civil Court Act "was to assure that our our Spanish-speaking citizens would fully understand the legal papers which might be served upon them as a result of some purchase on credit” (Ratner v Drucker, 79 Misc 2d 216, 218, emphasis added).
Reference to dictionary definitions further convinces this court that section 401 does not apply to a lease of an apartment but rather to the purchase or transfer of ownership of goods and services. Webster’s New World Dictionary of the American Language (2d ed, p 306) defines consumer credit as "credit extended for buying goods and services for ones personal use through installment plans; charge accounts, short-term loans, etc.” (emphasis added). Webster’s New International Dictionary (2d ed, p 573) defines consumer credit as "installment selling” (emphasis added). The only exception *919 wherein a lease transaction falls within the parameters of a consumer transaction is when the lessee is bound to become, or has the option of becoming the owner of the subject of the transaction. (See 8 NY Jur, Installment Sales, § 130 et seq.)
For all of the above reasons, the court finds that the basis of this suit was not a consumer credit transaction and need not have been instituted by service of a bilingual summons.
Accordingly, defendant’s objections to sufficiency of service are overruled and the motion is in all respects denied.